**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6971**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE DEANDREW BACKUS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:08-cr-00128-MR-DLH-3; 1:16-cv-00205-MR)

Submitted: November 21, 2017                    Decided: November 28, 2017

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Terrance Deandrew Backus, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Deandrew Backus seeks to appeal the district court's order denying his Fed. R. Crim. P. 36 motion to correct his sentence and also treating the motion as a successive 28 U.S.C. § 2255 (2012) motion. As to the denial for correction of his sentence under Fed. R. Crim. P. 36, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Backus*, No. 1:08-cr-00128-MR-DLH-3 (W.D.N.C. July 7, 2017).

To the extent that the court construed the motion as an unauthorized successive 28 U.S.C. § 2255 motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Backus has not made the requisite showing. Accordingly, we deny a certificate of appealability and

2

dismiss the appeal of the portion of the order dismissing the motion as unauthorized and successive.

Additionally, we construe Backus's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Backus's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*